[No. 2146.]

## JOHN VARNES v. THE STATE.

FORMER JEOPARDY — DISCHARGE OF JURY — CHARGE OF THE COURT.— See the opinion *in extenso* for circumstances under which it is *held* that the court, upon a former trial of the case, did not abuse the discretion conferred upon it to discharge the jury " when they had been kept together such a length of time as to render it altogether improbable they could agree." (Code of Criminal Procedure, article 701.) It is only when the discretion conferred by the said article has been abused to the prejudice of the rights of the accused, that this court will interfere. The trial court, therefore, did not err in instructing the jury on this trial to find the defendant's pleas of jeopardy and former acquittal untrue.

APPEAL from the District Court of Jackson.   Tried below before the Hon. W. H. Burkhart.

The conviction in this case was for the theft of a horse, the property of William Roehl, in Jackson county, Texas, on the 5th day of April, 1883.   A term of seven years in the penitentiary was the penalty assessed against the appellant.

The only question contested on this appeal is the question disposed of in the opinion.   The appeal was prosecuted upon an agreed statement of facts, which embodied the special pleas setting up the discharge of the jury on the former trial in the manner stated in the opinion of the court.   The motion for new trial was based upon the instruction of the court, directing the jury to find the defendant's pleas of jeopardy and former acquittal untrue.   The transcript brings up no record of the evidence adduced under the plea of not guilty.

*Owen & Staples*, for the appellant.   Jeopardy having attached after the cause had been submitted to a jury which had been impaneled, sworn and charged to consider the same, it was error in the court to discharge the jury without the consent of the defendant, until it became evident to the court that it was impossible that they could agree, and the length of time said jury was out was not sufficient to render it impossible that they could arrive at a verdict.

If it should be held that articles 20 and 701 of the Code of Criminal Procedure are constitutional, and that the Legislature had the power to pass an act construing section 14 of article 1 of the Constitution, still we insist that, no emergency having existed for the discharge of the jury, from 11:30 o'clock, A. M., of one day to 8 o'clock, A. M., of the next day was not a sufficient time to render it altogether improbable that they could agree.

In support of both propositions, we urge that the prevalence of mistrials in the courts of the State is in a great measure due to the fact that jurors have become familiar with the practice of discharging them after they have remained out a few hours, and they do not give the cases upon which they sit that consideration which they would if they knew there would be no discharge of them until it was evident that it was impossible, or even altogether improbable, that they could agree.

The jury, upon the first trial of this case, were out, in all, twenty hours and a half, including the whole of the night, and the times they were at their meals; and it does seem that this was not such a

time as that the court should have arbitrarily discharged them against the consent of the defendant, and especially when it is considered that the morning of the discharge of the jury was only the fourth day of the term of the court, and that there was not sufficient business before the court to require it to hold a full term. We believe the defendant was in jeopardy, and that he had the right to and properly pleaded former jeopardy upon the last trial, and said plea should have gone before the jury under proper instructions from the court.

The court should have granted the new trial because of the error in its instructions to the jury to find the defendant's plea of former jeopardy and acquittal untrue. (*Powell* v. *The State*, 17 Texas Ct. App., 345; *Parchman* v. *The State*, 2 Texas Ct. App., 344; *Brink* v. *The State*, 18 Texas Ct. App., 228; Constitution of State of Texas, sec. 14, art. 1; Bishop's Criminal Law, vol. 1, secs. 1045 and 1047.)

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. A single question is presented in this record, and that is, did the court err in instructing the jury in this case that they should find the defendant's pleas of jeopardy and former acquittal untrue? On the former trial, which was pleaded as a bar, the jury retired to consider of their verdict at 11:30 o'clock, A. M.; and at 5:30 o'clock, P. M., of the same day they returned into court and stated that they could not agree, their disagreement being entirely upon the weight of evidence. Defendant having objected to their discharge, they were sent back by the court and kept until the next morning at 8 o'clock, A. M., when they again came into court and announced that it was altogether improbable they could agree,— that they fully understood the law, but could not agree upon the facts, and that it was impossible for them to agree. They were then discharged by the court over objections of defendant.

Under the facts stated we cannot say that the court abused the discretion which is confided to courts by article 701, Code Criminal Procedure, to discharge juries " when they have been kept together such a length of time as to render it altogether improbable they can agree." It is only where the discretion thus conferred has been abused to the injury and prejudice of a defendant's rights that this court will interfere to revise and reverse it. (*Powell* v. *The State*, 17 Texas Ct. App., 345; *Schindler* v. *The State*, 17 Texas Ct. App., 408.)

No error is made apparent as to the action of the court in this case, with reference to the plea of jeopardy and former acquittal, and the judgment is therefore affirmed.

*Affirmed.*